FILED

MAR 16 2026

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

AO 242 (Rev. 09 17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the
### Southern District of West Virginia ▾

#200 50 89

| | |
|---|---|
| Yury Armando Cabreja Peña | ) |
| | ) |
| | ) |
| | ) |
| *Petitioner* | ) |
| | ) |
| v. | ) |
| | ) |
| Warden, Stewart Detention Center; and Field Office Director, ICE-ERO. | ) |
| | ) |
| *Respondent* | ) |

Case No.  2:26-CV-00200
*(Supplied by Clerk of Court)*

*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1.  (a) Your full name:   Yury Armando Cabreja Peña
    (b) Other names you have used:   NONE
2.  Place of confinement:
    (a) Name of institution:   Stewart Detention Center
    (b) Address:   146 CCA Road, Lumpkin, GA 31815

    (c) Your identification number:   A-Number: 249-268-575
3.  Are you currently being held on orders by:
    ☑ Federal authorities    ☐ State authorities    ☐ Other - explain:

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
       If you are currently serving a sentence, provide:
           (a) Name and location of court that sentenced you:

           (b) Docket number of criminal case:
           (c) Date of sentencing:
    ☑ Being held on an immigration charge
    ☐ Other *(explain):*

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Page 2 of 9

AO 242 (Rev. 09 17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention
☑ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other *(explain):*    I am challenging my ongoing detention and the Government's failure to produce me for my scheduled Master Calendar hearing on February 2, 2026.

6.    Provide more information about the decision or action you are challenging:
     (a)  Name and location of the agency or court:   Elizabeth Immigration Court,
     625 Evans Street, Room 148A, Elizabeth, NJ 07201.
     (b)  Docket number, case number, or opinion number:   A-Number: 249-268-575
     (c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed):*
     Challenging unlawful detention & Respondents' failure to produce me for my 02/02/26
     hearing at Elizabeth Immigration Court while in their custody. This caused an arbitrary 21-day delay of
     my case. Also challenging detention as a Cuban parolee (Class DT) with a pending I-485 under the CAA.
     (d)  Date of the decision or action:   FEBRUARY 2,2026.

## Your Earlier Challenges of the Decision or Action

7.    **First appeal**
     Did you appeal the decision, file a grievance, or seek an administrative remedy?
     ☐ Yes          ☑ No
     (a)  If "Yes," provide:
          (1)  Name of the authority, agency, or court:

          (2)  Date of filing:
          (3)  Docket number, case number, or opinion number:
          (4)  Result:
          (5)  Date of result:
          (6)  Issues raised:

     (b)  If you answered "No," explain why you did not appeal:

8.    **Second appeal**
     After the first appeal, did you file a second appeal to a higher authority, agency, or court?
     ☐ Yes              ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court:

        (2) Date of filing:
        (3) Docket number, case number, or opinion number:
        (4) Result:
        (5) Date of result:
        (6) Issues raised:

    (b) If you answered "No," explain why you did not file a second appeal:

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes         ☑ No

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court:

        (2) Date of filing:
        (3) Docket number, case number, or opinion number:
        (4) Result:
        (5) Date of result:
        (6) Issues raised:

    (b) If you answered "No," explain why you did not file a third appeal:

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes         ☑ No

If "Yes," answer the following:

    (a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

        ☐ Yes         ☐ No

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes          ☐ No
If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☑ Yes          ☐ No
If "Yes," provide:
(a) Date you were taken into immigration custody:      JANUARY 13.2026
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes          ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Date of filing:
(2) Case number:
(3) Result:
(4) Date of result:
(5) Issues raised:

    (d)    Did you appeal the decision to the United States Court of Appeals?
        ☐ Yes        ☐ No
        If "Yes," provide:
        (1) Name of court:
        (2) Date of filing:
        (3) Case number:
        (4) Result:
        (5) Date of result:
        (6) Issues raised:

12.    **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes    ☑ No
If "Yes," provide:
(a) Kind of petition, motion, or application:
(b) Name of the authority, agency, or court:

(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

AO 242 (Rev 09 17) Petition for a Writ of Habeas Corpus Under 28 U.S.C § 2241

## Grounds for Your Challenge in This Petition

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**   Due Process Violation (5th Amend.)

(a)  Supporting facts *(Be brief. Do not cite cases or law.)*:
Respondents failed to produce me for my 02/02/26 hearing at Elizabeth Court while I was in their custody. This caused an arbitrary 21-day delay of my case. Next hearing: 02/23/26.

(b)  Did you present Ground One in all appeals that were available to you?
☐ Yes           ☑ No

**GROUND TWO:**  Unlawful Detention of Parolee

(a)  Supporting facts *(Be brief  Do not cite cases or law.)*:
I am a Cuban parolee (Class DT) as of 08/19/23. I have a pending I-485 application under the CAA (Receipt #IOE0931860077). Detention is discretionary under 8 U.S.C. § 1226(a).

(b)  Did you present Ground Two in all appeals that were available to you?
☐ Yes           ☑ No

**GROUND THREE:**  No Legitimate Gov. Interest

(a)  Supporting facts *(Be brief  Do not cite cases or law.)*:
I am not a flight risk or danger. I was gainfully employed and have strong community ties. Detention 1,000 miles from my court of jurisdiction serves no legitimate purpose.

(b)  Did you present Ground Three in all appeals that were available to you?
☐ Yes           ☑ No

AO 242 (Rev 09 17) Petition for a Writ of Habeas Corpus Under 28 U S C § 2241

**GROUND FOUR:**

(a) Supporting facts *(Be brief  Do not cite cases or law )*:

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes                    ☐ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

### Request for Relief

15.  State exactly what you want the court to do:  I request that the Court: (1) Issue a Writ of Habeas Corpus ordering my immediate release; (2) In the alternative, order Respondents to provide an individualized bond hearing before an Immigration Judge within 48 hours; and (3) Grant any other relief the Court deems just.

AO 242 (Rev 09 17) Petition for a Writ of Habeas Corpus Under 28 U S C § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 3/5/2026

Signature of Petitioner

Signature of Attorney or other authorized person, if any

ARGUMENT

**A. Violation of Fifth Amendment Due Process**

Petitioner was scheduled for a Master Calendar hearing on February 2, 2026, at the Elizabeth Immigration Court. Respondents failed to transport Petitioner to this hearing. By failing to produce Petitioner, Respondents have arbitrarily extended his detention until February 23, 2026, without a bond hearing.

**B. Detention is Discretionary, Not Mandatory**

As a parolee (Class DT), Petitioner's detention is governed by 8 U.S.C. § 1226(a). Continued detention without an individualized hearing for a non-citizen with a pending legal pathway is an abuse of discretion. The recent transfer to a facility in Georgia further complicates Petitioner's access to counsel and the court, exacerbating the Due Process violation.