IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

YURY ARMANDO CABREJA PEÑA,

        Petitioner,

v.                                    CIVIL ACTION NO.  2:26-cv-00200

WARDEN, STEWART DETENTION CENTER,
and FIELD OFFICER DIRECTOR, ICE-ERO,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's pro se *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241* (Document 1), wherein the Petitioner, appearing *pro se*, challenges his current physical custody and requests his immediate release.  For the reasons stated herein, the Court finds that venue is not proper in this court and that the case should be transferred to the Middle District of Georgia.

The Petitioner, Yury Armando Cabreja Peña, a citizen of Cuba, was paroled into the United States on August 19, 2023, and has a pending I-485 application under the Cuban Adjustment Act. The Petitioner originally had a hearing before the Elizabeth Immigration Court, located in Elizabeth, New Jersey, scheduled for February 2, 2026, but after being detained by the Respondents, who failed to produce him for such hearing, his hearing was extended to February 23, 2026.  The Petitioner was originally detained at South Central Regional Jail within the Southern District of West Virginia but has since been transferred to Stewart Detention Center ("SDC") in

Lumpkin, Georgia, located in the Middle District of Georgia.  Following his detention at SDC, the Petitioner filed his Petition for Writ of Habeas Corpus in this District on March 16, 2026.[1]

Under the habeas statute, "[w]rits of habeas corpus may be granted by. . . the district courts. . . within their respective jurisdictions."  28 U.S.C. § 2241(a)).   The Supreme Court in *Rumsfeld v. Padilla* 542 U.S. 426 (2024) identified two default rules under the habeas statute—the immediate custodian and district of confinement rules—that require a "petitioner seek[ing] to challenge his present physical custody. . . [to] name his warden as respondent and file the petition in the district of confinement."  542 U.S. 426, 447 (2004).  In *Padilla*, the Court also recognized three prior decisions in which it had applied exceptions to the default rules.  *See, e.g.*, *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 499 (1973) (permitting a petitioner challenging a Kentucky indictment that served as a basis for a detainer against him to file his habeas in Kentucky although he was confined in Alabama); *Ex part Endo*, 323 U.S. 283, 306 (1944) (holding that a district court retains jurisdiction if the habeas petition was filed before the petitioner was transferred from the district) and *Strait v. Laird*, 406 U.S. 341, 344-46 (allowing the petitioner, a nonactive duty reservist seeking discharge, to name his "nominal custodian," who was his commanding officer, although his custodian was located in Indiana, rather than California where the petition was filed).

However, Justice Rehnquist, writing for the court in *Padilla*, noted that the court had made no such exception in cases where a petitioner was challenging his current physical confinement. In his concurring opinion, Justice Kennedy posed other potential exceptions ("[I]f there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed, or where the government was not

---

[1] The Petitioner named as the Respondents Warden, Stewart Detention Center, and Field Office Director, ICE-ERO.

forthcoming with respect to the identity of the custodian and the place of detention."). *See Padilla*, 542 U.S. at 454.

The district of confinement is the Middle District of Georgia. The Petitioner filed his Petition in this District on March 16, 2026, after he was transferred to the Middle District of Georgia. It alleges that the Petitioner is detained at SDC and names the Warden of SDC as a respondent. It, therefore, is clear from the Petition that the Petitioner was in the Middle District of Georgia when he filed his Petition. Furthermore, based on the facts presented to this Court, the Court is unable to find that the Petitioner was moved to evade this Court's jurisdiction or any other facts that would support the application of an exception to the default rules established in *Padilla*.

Venue properly lies in the Middle District of Georgia. The Court finds that transfer of this case to the Middle District of Georgia, rather than dismissal, serves the interests of justice given the Petitioner's confinement in that district. *See* 28 U.S.C. 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that this matter be **TRANSFERRED** to the **Middle District of Georgia**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record, to any unrepresented party, and to the Middle District of Georgia.

ENTER:   March 18, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

3